# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA



APR 1 6 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

BIGLER JOBE STOUFFER, II,      )
                               )
         Petitioner,        )
                               )
v.                                )    **Case No. CIV 08-414-RAW-KEW**
                               )
**MARTY SIRMONS, Warden,**     )
                               )
         Respondent.      )

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, is challenging his loss of earned credits resulting from a prison disciplinary proceeding at that facility.

The respondent alleges petitioner has not exhausted the administrative remedies for his claim. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731).

Petitioner alleges that on June 5, 2008, he was accused of violating a prison rule,

while he was "exercising his constitutional rights of access to court, to redress his grievance, and exhaust administrative remedies." The record shows that on June 7, 2008, he was issued a Offense Report for Disobedience to Orders, when he refused to lock down. He was found guilty at his June 12, 2008, disciplinary hearing, and his punishment included the loss of 120 earned credits. The facility head affirmed on June 13, 2008, and petitioner's appeal to the warden was denied on June 23, 2008. Petitioner made two improper attempts to appeal to the DOC Director, and both attempted appeals were returned unanswered.

Petitioner alleges he was unable to exhaust his administrative remedies because of DOC's "practice" of alleging mistakes in his submitted documents, which subjects him to the "whim or caprice" of the DOC Director's Designee. He claims that on September 9, 2008, he submitted a Request to File a Misconduct/Grievance Appeal out of Time, but the request never was answered. The court finds, however, that this allegation does not show he has met the exhaustion requirement.

The court also notes that, despite the revocation of petitioner's earned credits from this misconduct conviction, his death sentence makes him ineligible to be awarded credits. *See Stouffer v. Fields*, No. 95-6394, 1996 WL 200302, at *1 (10th Cir. Apr. 25, 1996). He is not serving a "term of imprisonment," and earned credits would not affect the duration of his sentence.

To the extent petitioner is complaining about his loss of personal property and his access to the courts, petitioner should be well aware that these claims are not proper for a habeas corpus action. *See Stouffer v. Bartheld*, No. CIV 05-099-JHP-KEW (E.D. Okla. May 9, 2005); *Stouffer v. Mullin*, No. CIV 06-025-RAW-KEW (E.D. Okla. Feb. 8, 2006). Such claims must be brought in a proper civil rights action, pursuant to 42 U.S.C. § 1983.

**ACCORDINGLY,** the respondent's motion to dismiss [Docket #7] is GRANTED, and this action is DISMISSED in its entirety for failure to exhaust administrative remedies.

**IT IS SO ORDERED** this 16th day of April 2009.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE